KELLER, J., DISSENTING:
I respectfully dissent from the majority of this Court's decision to strike the Commonwealth's brief and dismiss this appeal pursuant to CR 76.12(8)(a). I agree that such a decision is within this Court's discretion. However, I disagree that the use of that discretion in this circumstance is appropriate.
This case has a long and thorough history. After Roth was charged by the Commonwealth, the case was presented to a jury and that jury determined Roth was guilty beyond a reasonable doubt. The jury recommended a sentence of six months in the county jail, as well as a fine. Roth appealed his judgment as a matter of right. The circuit court affirmed the appeal in a complete, well-reasoned, and carefully scrutinized decision. The court cited at length to the trial record, noting multiple and specific points in the trial before the jury. The Court of Appeals granted discretionary review. In a 2-1 decision, the Court of Appeals reversed and remanded the case for entry of a directed verdict of *597 acquittal. The Court of Appeals held that the Commonwealth failed to present even a mere scintilla of evidence that Roth acted intentionally or wantonly with regard to the treatment of his horses, despite testimony of multiple statements Roth made about the care of the horses in question, including that "he didn't give a s* *t about those horses" and would prefer to shoot them. The Court of Appeals reversed, holding that the Commonwealth failed to present sufficient proof on the proper mens rea. This case has undergone three levels of detailed court scrutiny. Each court has cited to testimony and portions of the record in which that testimony was given. Yet, despite these roadmaps for our review, as well as a brief trial record, a majority of this Court has deemed it appropriate to dismiss an otherwise adequate appeal due to insufficient citations to the trial record.
For many reasons, I find the Court's response here disproportionate and inappropriate. More often than we should, we have found it burdensome to "comb" a "voluminous" record when a party fails to adequately cite to specific portions of the record. However, this case culminated in a trial that lasted less than a day. I believe we have sufficient information before us to determine the relevant portions of the record and decide the issues of law before this Court. I must concede that the brief presented to this Court is technically deficient and I do not condone or ignore deficient practice. However, we have many options with which to administer justice while still adhering to the rules of practice and procedure before this esteemed Court. The Court could have chosen to financially sanction the Commonwealth for presenting an improper brief; we could have issued an order of deficiency, requiring the Commonwealth to perfect the brief; we could have issued a show cause order as to why the appeal should not be dismissed; we could have stricken the entire brief and allowed the Commonwealth another opportunity to present a technically-proficient and correct brief. It is true, the option to strike and dismiss is an option before this Court, however, I disagree with its use here. I would utilize one of the above-described court actions and then address the legal issues in this case-the very reason the Court decided to grant discretionary review in the first place.
Wright, J., joins.